UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                                                              Chapter 7

ESTIATORIO ENT. LTD.,                                                         Case No. 21-22665 (SHL)

                              Debtor.

----------------------------------------------------------------x

## MEMORANDUM OF DECISION

**A P P E A R A N C E S:**

**PICK & ZABICKI LLP**
*Counsel for Stacey Realty Associates LLC*
369 Lexington Avenue, 12th Floor
New York, NY 10017
By:    Douglas J. Pick, Esq.
           Eric C. Zabicki, Esq.

**PENACHIO MALARA LLP**
*Counsel for Debtor*
245 Main Street, Suite 450
White Plains, NY 10601
By:    Anne J. Penachio, Esq.

**HOWARD P. MAGALIFF**
*Chapter 7 Trustee*
335 Madison Avenue, 9th Floor
New York, NY 10017
By:    Howard P. Magaliff, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

        Before the Court is the motion of Stacey Realty Associates LLC (the "Landlord") for an order reopening the Chapter 7 case of Estiatorio Ent. Ltd. (the "Debtor"). *See Motion of Stacey Realty Associates LLC for Entry of an Order Reopening Chapter 7 Case* [ECF No. 64-1][1] (the

---

[1]     Unless otherwise indicated, references in this *Memorandum of Decision* to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Case No. 21-22665.

"Motion"). The Debtor submitted the *Objection of Debtor Estiatorio Ent. Ltd., d/b/a The Eastchester Odyssey Diner to Stacey Realty Associates LLC's Motion to Reopen Chapter 7 Case* [ECF No. 67] (the "Opposition"), along with the *Declaration of Anne Penachio* [ECF No. 66] (the "Penachio Declaration") in support of its Opposition, to which the Landlord filed its *Reply to the Debtor's Objection to the Reopening of the Debtor's Chapter 7 Case* [ECF No. 69] (the "Reply"). Following a hearing on the Motion on November 6, 2024 (the "Hearing") and per the Court's request, the Debtor filed the *Sur-Reply of Debtor Estiatorio Ent. Ltd., d/b/a The Eastchester Odyssey Diner to Stacey Realty Associates LLC's Motion to Reopen Chapter 7 Case* [ECF No. 72] (the "Sur-Reply") and *Sur-Reply Declaration of Anne Penachio* [ECF No. 73] (the "Sur-Reply Declaration") and the Landlord filed its *Response to Sur-Reply of the Debtor to Landlord's Motion to Reopen the Debtor's Chapter 7 Case* [ECF No. 75] (the "Sur-Sur Reply"). For the reasons discussed below, the Motion is denied.

## BACKGROUND

The Debtor filed a Chapter 11 petition on November 30, 2021 (the "Petition Date"). *See Chapter 11 Voluntary Petition* [ECF No. 1]. Shortly thereafter, the Landlord moved to convert the case to Chapter 7. *See Application of Stacey Realty Associates LLC in Support of Entry of an Order Converting the Debtor's Chapter 11 Case to a Case Under Chapter 7* [ECF No. 7]. Following extensive briefing (*see* ECF Nos. 19, 20, 21, 37, 50), the Court converted the case to Chapter 7 on May 6, 2022. *See Order Converting Chapter 11 Case to Case Under Chapter 7 of the Bankruptcy Code* [ECF No. 51] (the "Conversion Order"). Howard P. Magaliff was then appointed as Chapter 7 trustee (the "Trustee"). *See Notice of Appointment of Trustee* [ECF No. 52].

2

The Landlord is the fee owner of non-residential real property located at 465 White Plains Road, Eastchester, New York. *See* Motion ¶ 1. The Landlord and the Debtor were parties to a pre-petition ground lease concerning that property (the "Lease"). *See* Motion ¶ 1; Opposition ¶ 1. The Debtor operated the Eastchester Odyssey Diner within the building (the "Building") located on the property. *See* Motion ¶ 1; Opposition ¶ 1. The Building, along with its furnishings, fixtures, and equipment, belonged to the Debtor. *See* Motion ¶ 1; Opposition ¶ 2. Before the filing of the bankruptcy, the Landlord and Debtor had disputed whether the Debtor defaulted on its obligations under the Lease and whether the Lease could be terminated. *See generally* Motion ¶¶ 2–7; Opposition ¶ 5.

On June 9, 2022, the Trustee filed the *Notice of Chapter 7 Trustee's Intent to Abandon Property of the Bankruptcy Estate* [ECF No. 56] (the "Notice of Abandonment"), indicating that the Trustee intended to abandon "the estate's right, title and interest in and to the Debtor's lease with Stacey Realty Associates for property located at 465 White Plains Road, Eastchester, NY 10709 (the "Lease") as having inconsequential value to administer for the benefit of creditors." *See* Notice of Abandonment at 1. The deadline to object to the Trustee's proposed abandonment was June 24, 2022. *See id.* at 1–2. If no objections were received by the deadline, "the abandonment of the Claim [would] be effective as of 12:01 a.m. on June 25, 2022 without further notice or order of the Bankruptcy Court . . . ." *Id.* at 2. If an objection was timely filed, "a hearing to consider such objections may be scheduled by the Bankruptcy Court." *Id.* at 2. The Notice of Abandonment was served on the Landlord by first class mail that same day. *See id.* at 3 (Notice of Abandonment "served by first class mail upon the persons identified on the creditor matrix . . ."); *see also Petition* [ECF No. 1], at 30–32 (Landlord listed on creditor matrix

3

attached to petition). No objections were filed and no hearing was held on the Notice of Abandonment.

On September 1, 2023, the Landlord entered into a lease agreement with a new tenant and began construction on the Building for the new tenant. *See* Motion ¶ 13; Opposition ¶ 6. As a result, the Debtor commenced an action in New York State Supreme Court, Westchester County against the Landlord and other defendants (the "State Court Action"), seeking, among other things, to quiet title, a declaration that the Debtor owns the Building and that the new lease is ineffective and enforceable, and to eject the new tenant from the Building. *See generally* Motion ¶ 14; Opposition ¶ 11. In the State Court Action, the Debtor also argued that the Lease's forfeiture provision is void and unenforceable due to public policy. *See* Opposition ¶ 11.

On October 15, 2024, the Landlord sought to reopen the Debtor's bankruptcy case to remove the State Court Action to this Court, arguing that the Lease had been rejected rather than abandoned. *See* Motion ¶¶ 16, 18–23. The Debtor opposed the Motion, arguing that the Landlord's removal attempt was untimely and that the Lease was abandoned. *See* Opposition ¶¶ 18–28. On Reply, the Landlord argued, for the first time, that abandonment was defective in several ways and that any claims asserted by the Debtor in the State Court Action were never disclosed in the bankruptcy and thus remained property of the estate. *See* Reply ¶¶ 2(i)–(iv), 5–7. As the Debtor and the Trustee did not have an opportunity to respond to arguments made by the Landlord for the first time on Reply, the Court provided the parties an opportunity to brief these issues. *See* Hr'g. Tr. 8:3–9:5, 16:25–17:5, 17:7–17:15, 19:6–10, 23:18–24:15 (Nov. 6, 2024) [ECF No. 71]. After the Hearing, the Debtor filed further briefing that again addressed abandonment of the Lease and the Building, as well as the disclosure of the claims in the Chapter

4

7 case. *See* Sur-Reply at 2–3, ¶¶ 1–21. The Landlord then responded. *See* Sur-Sur Reply at 1–3.

While the Motion was under advisement, the Landlord moved to dismiss the State Court Action, raising identical arguments in that case. *See Letter dated January 8, 2025 Re: Status of State Court Action* [ECF No. 76]. On February 3, 2025, the state court denied the Landlord's motion to dismiss and stayed the State Court Action pending resolution of the issues raised here. *See Letter dated March 13, 2025 Re: State Court Decision & Order* [ECF No. 78] at 4. For the reasons explained below, the Court denies the Motion.

## DISCUSSION

### I.  Legal Standards

#### A.  *Standard for Reopening a Bankruptcy Case*

A party may seek relief from an order closing a Chapter 7 case by making a motion in accordance with Bankruptcy Rule 5010. *See In re Jones*, 2025 Bankr. LEXIS 231, at *3–4 (Bankr. S.D.N.Y. Feb. 6, 2025) (citing *In re Velez*, 604 B.R. 438, 441 (Bankr. S.D.N.Y. 2019). Bankruptcy Rule 5010 provides:

> On the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case. In a reopened Chapter 7, 12, or 13 case, the United States trustee must not appoint a trustee unless the court determines that one is needed to protect the interests of the creditors and the debtor, or to ensure that the reopened case is efficiently administered.

FED. R. BANKR. P. 5010.

In turn, under Section 350(b) of the Bankruptcy Code, a bankruptcy case that has been closed "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The Bankruptcy Code does not specify what constitutes 'other cause' to reopen a closed case; thus, the determination of

5

whether a case should be reopened for other cause is committed to the 'broad discretion' of the bankruptcy court." *In re Navillus Tile, Inc.,* 634 B.R. 847, 858 (Bankr. S.D.N.Y. 2021) (citations omitted); *In re Atari, Inc.*, 2016 WL 1618346, at *4 (Bankr. S.D.N.Y. Apr. 20, 2016) (quoting *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)); *see also In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) ("The Code does not define 'other cause,' and the decision to reopen is discretionary.") (citation omitted). "In determining whether 'cause' exists, the court may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *Id.* at 406–07 (citation and quotation marks omitted); *see In re Atari*, 2016 WL 1618346, at *4. Factors that are relevant in determining whether to open a case for cause include:

>   (1) the length of time that the case was closed;
>
>   (2) whether a nonbankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case;
>
>   (3) whether prior litigation in the bankruptcy court determined that another court would be the appropriate forum;
>
>   (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;
>
>   (5) the extent of the benefit to any party by reopening; and
>
>   (6) whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted.

*In re Navillus Tile, Inc.*, 634 B.R. at 858–59; *see also In re Easley-Brooks*, 487 B.R. at 406–07 (same). The movant bears the burden to demonstrate cause for reopening the case. *See In re Easley-Brooks*, 487 B.R. at 406; *In re Navillus Tile, Inc.*, 634 B.R. at 859.

B.    *Standard for Removal*

The Landlord seeks reopening here to allow for removal of the State Court Action. Bankruptcy Rule 9027 sets forth the requirements for a party to remove an action to this Court.

6

*See generally* FED. R. BANKR. P. 9027.  Subsection (a)(1) sets forth the form and content of a notice of removal:

> (a) Notice of Removal
>
> > (1) *Where Filed; Form and Content.*  A notice of removal must be filed with the clerk for the district and division where the state or federal civil action is pending.  The notice must be signed under Rule 9011 and must:
> >
> > > (A) contain a short and plain statement of the facts that entitle the party to remove;
> > >
> > > (B) contain a statement that the party filing the notice does or does not consent to the bankruptcy court's entry of a final judgment or order; and
> > >
> > > (C) be accompanied by a copy of all process and pleadings.

FED. R. BANKR. P. 9027(a)(1).  There is neither an Official Form nor a local form for removal. *See* 10A Collier on Bankruptcy P. 9027.02 n.1 (16th ed. 2025); *see also Bankruptcy Forms*, U.S. COURTS, http://www.uscourts.gov/forms-rules/forms/bankruptcy-forms (last visited May 21, 2025); *Forms*, U.S. BANKRUPTCY COURT, S.D.N.Y., https://www.nysb.uscourts.gov/forms (last visited May 21, 2025).  Strict compliance with Bankruptcy Rule 9027 is not required.  *See* 10A Collier on Bankruptcy P. 9027.02 (16th ed. 2025).

Bankruptcy Rule 9027(a)(3) sets forth the time frame for removing an action where the claim or cause of action was filed after the bankruptcy case commenced:

> (a) Notice of Removal . . .
>
> > (3) *Time to File When the Claim Is Filed After the Bankruptcy Case Was Commenced.*  If a claim or cause of action is asserted in another court after the bankruptcy case was commenced, a party filing a notice of removal must do so within the shorter of these periods:
> >
> > > (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or

7

> (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

FED. R. BANKR. P. 9027(a)(3). Bankruptcy Rule 9027(a)(3) applies when a claim or cause of action is initiated after the commencement of a bankruptcy case, even if the bankruptcy case has since been closed. *See* FED. R. BANKR. P. 9027 advisory committee's note to 2002 amendment ("Subdivision (a)(3) is amended to clarify that if a claim or cause of action is initiated after the commencement of a bankruptcy case, the time limits for filing a notice of removal of the claim or cause of action apply whether the case is still pending or has been suspended, dismissed, or closed."); *Sonnier v. HESCO Bastion USA, LLC*, 2013 WL 5350853, at *4 (M.D. La. Sept. 23, 2013) ("[T]here is no requirement under Bankruptcy Rule 9027(a)(3) that the bankruptcy proceeding remain open at the time of removal for that subsection to apply—the subsection only requires that the state court action be filed after the 'commencement' of the bankruptcy proceeding.") (collecting cases); *In re Rife*, 343 B.R. 552, 560 (Bankr. W.D. Va. 2006) ("Accordingly, the time deadlines in Rule 9027(a)(3) apply even if the bankruptcy case is closed when the state court action is commenced.").

C.  *Standard for Abandonment*

The parties also dispute whether abandonment of the Lease occurred in the bankruptcy case. Property of the estate may be abandoned under Section 554 of the Bankruptcy Code. Subsections (a) and (c) set forth two of the three ways property can be abandoned.[2] *See In re Mejia*, 576 B.R. 464, 469 (Bankr. S.D.N.Y. 2017). Section 554 provides, in relevant part:

---

[2] Section 554(b) describes how a party in interest may request that the trustee abandon an interest in property of the estate, while Section 554(d) provides that property of the estate that is neither abandoned nor administered remains property of the estate. *See* 11 U.S.C. § 554(b), (d). Because neither of these subsections are relevant to resolution of the instant dispute, the Court will not further discuss them here.

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. . . .
>
> (c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title. . . .

11 U.S.C. § 554.

Abandonment under Section 554(a) is not self-executing; rather, abandonment under that subsection requires initiative by the Chapter 7 trustee. *See In re Mejia*, 576 B.R. at 469 (citing *In re DeGroot*, 484 B.R. 311, 318–19 (B.A.P. 6th Cir. 2012) ("Subsection[] (a) . . . provide[s] for what is commonly referred to as specific or intentional abandonment. . . . [A]bandonment[] under § 554(a) . . . require[s] some 'initiative' by the trustee . . . ."); *In re Balonze*, 336 B.R. 160, 168–69 (Bankr. D. Conn. 2006)). In contrast, under Section 554(c), property that is scheduled but not administered is deemed abandoned to the debtor at the time the bankruptcy case is closed. *See In re Mejia*, 576 B.R. at 469; *see also* 5 Collier on Bankruptcy P. 554.02[7] (16th ed. 2025). Because abandonment under Section 554(c) occurs automatically upon the close of a case, it is referred to "abandonment by operation of law" or "technical abandonment." *See In re Mejia*, 576 B.R. at 467 (citing *In re DeGroot*, 484 B.R. at 319; *In re Balonze*, 336 B.R. at 168–69).

"Abandonment . . . removes the property . . . from the bankruptcy estate and causes the trustee to lose all interest, rights and control with respect to the abandoned property." *In re Mejia*, 576 B.R. at 470 (quoting *In re Grossinger's Associates*, 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995)). "The trustee . . . may only abandon property to a person or entity with a pre-petition possessory interest in the property." *Maspeth Fed. Savings and Loan Assn. v. 47-78 Douglass St., LLC (In re 47-78 Douglass St., LLC)*, 2011 WL 2551294, at *2 (Bankr. S.D.N.Y.

9

June 27, 2011) (citation omitted); *see also In re Mejia*, 576 B.R. at 470–71 (citations omitted). "A 'possessory interest' in the context of abandonment is defined as a 'right to exert control over' or a 'right to possess' property 'to the exclusion of others.'" *In re 47-78 Douglass St.*, 2011 WL 2551294, at *2 (citation omitted); *see also In re Mejia*, 576 B.R. at 471. Oftentimes, abandoned property reverts to the debtor as if no bankruptcy case had been filed. *See Sherrell v. Fleet Bank of N.Y. (In re Sherrell)*, 1996 WL 550169, at *5 (N.D.N.Y. Sept. 23, 1996) ("Abandoned property ceases to be part of the bankruptcy estate; the abandoned property reverts to the debtor and stands as if no bankruptcy petition was filed.") (citations omitted); *In re Culligan Ltd.*, 2023 WL 5942498, at *12 (Bankr. S.D.N.Y. Sept. 12, 2023) ("[O]nce the debtor's property is abandoned in bankruptcy, the property should be treated as though no bankruptcy proceedings had occurred and therefore revert to the party that held a pre-petition interest in it.") (citations omitted). Once abandonment is accomplished, it is irrevocable. *See In re Grossinger's Associates*, 184 B.R. at 432. Abandonment deprives the bankruptcy court of jurisdiction over the abandoned property. *See In re Mejia*, 576 B.R. at 470 (quoting *In re Grossinger's Associates*, 184 B.R. at 432 ("[T]his removal deprives the bankruptcy court over jurisdiction over that property."); *see also In re Salander*, 472 B.R. 213, 219–20 (Bankr. S.D.N.Y. 2012) ("Abandonment of property ends the bankruptcy court's jurisdiction to determine disputes concerning that property, unless the result of the dispute could have some effect on the bankruptcy case.") (citations omitted); *In re Sherrell*, 1996 WL 550169, at *5 ("[T]he effect of the abandonment is to remove the asset from the jurisdiction of the bankruptcy court.") (citations and quotation marks omitted).

10

Abandonment under Section 554(a) is effectuated by complying with Bankruptcy Rule 6007(a) and Local Bankruptcy Rule 6007-1.  *See In re Mejia*, 576 B.R. at 469–70.  Bankruptcy Rule 6007(a) provides:

> (a) Notice by the Trustee or Debtor in Possession.
>
> > (1) *In General*.  Unless the court orders otherwise, the trustee or debtor in possession must give notice of a proposed abandonment or disposition of property to:
> >
> > > •all creditors;
> > >
> > > •all indenture trustees;
> > >
> > > •any committees appointed or elected under the Code; and
> > >
> > > •the United States trustee.
> >
> > (2) *Objection*.  A party in interest may file and serve an objection within 14 days after the notice is mailed or within the time set by the court.  If a timely objection is filed, the court must set a hearing on notice to the United States trustee and other entities as the court orders.

FED. R. BANKR. P. 6007(a).

In general, a notice of abandonment must be specific as to the property to be abandoned.  *See* 9A Collier on Bankruptcy P. 6007.03 (16th ed. 2025); *see also* FED. R. BANKR. P. 6007(a)(1).  The notice should also set forth the reason for abandonment and identify the entity to whom the property will be abandoned.  *See* 9A Collier on Bankruptcy P. 6007.03 (16th ed. 2025); *see also* L.B.R. 6007-1(a).  Local Bankruptcy Rule 6007-1(a) provides:

> (a) Unless the Court orders otherwise, the notice of a proposed abandonment or disposition of property pursuant to Bankruptcy Rule 6007(a) shall describe the property to be abandoned or disposed of, state concisely the reason for the proposed abandonment or disposition, and, in the case of abandonment, identify the entity to whom the property is proposed to be abandoned.

11

L.B.R. 6007-1(a). But a Court may disregard non-compliance with such a local rule. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.") (citations omitted); *In re Matamoros*, 605 B.R. 600, 607 (Bankr. S.D.N.Y. 2019) (same) (citations omitted); *In re Galati*, 2016 WL 238552, at *2 (Bankr. E.D.N.Y. Jan. 19, 2016) ("It is firmly established that the Court has 'broad discretion when addressing violations of the local rules.'") (citations omitted).

## II. Analysis

Applying these principles, the Court denies the relief sought in the Motion for several reasons.

### A. *The Landlord Failed to Properly or Timely Remove the State Court Action*

While its Motion is styled as a "motion to reopen," the Landlord does not analyze whether the requirements for reopening have been satisfied but instead simply seeks to remove the State Court Action to this Court. But the Landlord has not filed a separate notice of removal. Accordingly, the first question before the Court is whether the Motion should be treated as a notice of removal.

Some courts have declined to treat a motion to reopen as a notice of removal or questioned whether such procedural maneuvering is even possible. *See In re Rishel*, 2009 WL 667216, at *2 (Bankr. N.D. Miss. Mar. 9, 2009) ("The argument that the motion to reopen should be treated as an informal notice of removal is not well-taken."), *aff'd sub nom. Merchants & Farmers Bank v. Fryar*, 2010 WL 1462364 (N.D. Miss. Apr. 13, 2010), *aff'd, In re Rishel*, 417 F. App'x 395 (5th Cir. 2011); *see also Merchants & Farmers Bank v. Fryar*, 2009 WL 3188241, at *2 (N.D. Miss. Oct. 1 2009) ("Finally, it is questionable whether a party may remove an action

12

by filing an 'informal notice of removal' via a motion requesting that a case be reopened, since the Court must resolve all doubts as to removal in favor of remand.") (denying emergency stay but questioning whether a party may informally remove an action by filing a motion to reopen). Other courts have treated a motion to reopen as a notice of removal. *See Roberts v. Creighton*, 2009 WL 7083320, at *1, n.1 (D. Md. Feb. 27, 2009) ("Although Mr. Roberts has styled his filing as a "Motion to Reopen," the Court interprets Docket No. 44 as a motion to remove pursuant to Rule 9027(a)(3) of the Federal Bankruptcy Rules of Procedure."), *aff'd*, 332 F. App'x 8 (4th Cir. 2009); *see also Poole v. Money Mortg. Corp. of Am. (In re Hofmann)*, 248 B.R. 79, 88 (Bankr. W.D. Tex. 2000) ("This court thus concludes that, indeed, the time deadlines in Rule 9027(a)(3) apply even if the bankruptcy case is closed after the litigation is filed because the party seeking to remove the litigation has an adequate means to achieve that end—it need merely file a motion to reopen.").

There are good reasons to decline to treat the Motion here as a notice of removal. First, to date, no actual notice of removal has been filed in the Debtor's bankruptcy case. *See In re Rishel*, 2009 WL 667216, at *2 ("[T]here was no actual notice of removal filed by the Rishels within the thirty day period following receipt of service of process."), *aff'd sub nom. Merchants & Farmers Bank v. Fryar*, 2010 WL 1462364 (N.D. Miss. Apr. 13, 2010), *aff'd, In re Rishel*, 417 F. App'x 395 (5th Cir. 2011). Second, the Motion and Reply make vague and inconsistent references to the timing of removal. In some instances, the Landlord seeks to remove the State Court Action at present; in others, the Landlord seeks to remove the State Court Action at some point in the future. *See* Motion ¶ 16 ("Accordingly, the Landlord brings the instant Motion to reopen the Debtor's bankruptcy case for the purpose of requesting entry of an Order by this Court confirming that the Lease was rejected and surrendered to the Landlord and to allow the

13

Landlord to remove the State Court Action from the State Supreme Court to this Court."); Reply ¶ 1 (submitting Reply to Debtor's objection to "request to reopen the Chapter 7 case for the purpose of having this Court hear and adjudicate whether the Debtor's former lease with the Landlord was rejected and surrendered to the Landlord and/or to allow the Landlord to remove the State Court Action. . . . from the State Supreme Court to this Court."); Reply ¶ 7 ("Correspondingly, the State Court Action must be removed to this Court and dismissed."); *see generally* Reply ¶¶ 2–3. The uncertainty regarding the timing of any removal necessitates a denial on this basis. *See In re Rishel*, 2009 WL 667216, at *2 (language in motion to reopen that "the debtors' case should be reopened to permit the debtors to remove the state court action to the bankruptcy court" was "simply not sufficient"), *aff'd sub nom. Merchants & Farmers Bank v. Fryar*, 2010 WL 1462364 (N.D. Miss. Apr. 13, 2010), *aff'd, In re Rishel*, 417 F. App'x 395 (5th Cir. 2011).[3]

But even if this Court treats the Motion as a notice of removal, the request for removal here must be denied as untimely.[4] The Debtor served the summons and complaint on the Landlord on April 11, 2024. *See* ECF No. 66, Ex. E. Applying Bankruptcy Rule 9027(a)(3), the

---

[3] In *Merchants & Farmers Bank v. Fryar*, the debtors were served with process on September 9, 2008. 2010 WL 1462364, at *1 (N.D. Miss. Apr. 13, 2010). The debtors filed a motion to reopen their case on October 9, 2008, stating that their case "should be reopened to permit [them] to remove the state court action to the bankruptcy court," and requesting that the court "reopen the Debtor's bankruptcy and authorize the removal of the state court action." *Id.* The case was reopened on October 15, 2008, but the debtors did not file a notice of removal until November 14, 2008, more than thirty days after being served with process. *See id.* at *1–2. The debtors argued that their motion to reopen should have been construed as a notice of removal without citing any authority. *See id.* at *2. The court remanded the action, explaining that the "Motion to Reopen contains two mentions of removal . . . . The first of these is, at best, an expression of the intention to file a notice of removal at some point in the future. The second reference—a request that the Court reopen the bankruptcy case and 'authorize removal'—may be construed as notice of removal. However, it is insufficient to overcome the uncertainty caused by the first sentence, insofar as the Court must resolve all doubts in favor of remand." *Id.* (citations omitted).

[4] A removing party can show excusable neglect under Bankruptcy Rule 9006(b) to extend the time within which it can remove an action. *See* FED. R. BANKR. P. 9006(b)(1)(B); *see also* 10A Collier on Bankruptcy P. 9027.05 (16th ed. 2025). The Landlord made no such attempt here.

14

Landlord only had until May 11, 2024 to remove the State Court Action. But Landlord waited until October 15, 2024—more than six months after being served—to file its Motion. "Removal statutes are strictly construed against removal." *Marah Wood Prods., LLC v. Jones*, 534 B.R. 465 (D. Conn. 2015) (citations omitted); *In re Rishel*, 2009 WL 667216, at *2 ("It is well settled law that removal statues are to be strictly construed, and that all doubts will be resolved against a finding of proper removal.") (citations omitted). As such, removal here is untimely. This defect is not cured by considering reopening and removal as separate steps. *See Sonnier*, 2013 WL 5350853, at *4 (defendants had thirty days after service of state court petition to move bankruptcy court to reopen case and remove action); *In re Rife*, 343 B.R. at 560 ("[A]ll the Defendant needed to do in order to remove the pending state court action to bankruptcy court was to move the bankruptcy court to reopen the case. Instead, the Defendant chose to continue litigating the matter in state court for nearly four years before filing a motion to reopen his bankruptcy case.").

The Landlord seeks to avoid the clear timing requirements of Bankruptcy Rule 9027(a)(3) by arguing that Bankruptcy Rule 9027(a)(2) applies instead. *See* Reply at ¶ 2(iv). Bankruptcy Rule 9027(a)(2) provides that, if a claim or cause of action is pending when a case is commenced, the notice of removal must be filed within the longest of three different periods, including "90 days after the *order for relief* in the bankruptcy case[.]" *See* FED. R. BANKR. P. 9027(a)(2)(A) (emphasis added). The Landlord argues that, since this case is closed, the "order for relief" as referenced in Bankruptcy Rule 9027(a)(2)(A) will be the date of an order reopening the case under Section 350, giving the Landlord ninety days from entry of that order to remove the State Court Action. *See* Reply at ¶ 2(iv). But it is well established that an order reopening a case under Section 350 has no effect on the date of the "order for relief" for purposes of

15

Bankruptcy Rule 9027; indeed, Section 350 does not even refer to an "order for relief." *See Ippolito v. Bank of Am.*, 2013 WL 6406343, at *3 (Bankr. N.D. Cal. Dec. 6, 2013) ("[R]eopening a bankruptcy petition does not create a new order for relief."); *id.* ("While the Code includes detailed guidance on how orders for relief are altered if a petition is converted or dismissed, the Code is 'silent' with regards to the effect of reopening on an order for relief."); *In re Hofmann*, 248 B.R. at 87 ("When a bankruptcy case is reopened, the original date for the 'order for relief' is not altered. . . . Nothing in section 350(b), which authorizes the reopening of bankruptcy cases, even vaguely suggests an alteration of these critically important dates."); *id.* at 88 ("If Congress intended the 'reopening' of a case as the equivalent of the entry of an 'order for relief' for some purposes . . . then we would expect to see a detailed listing of the circumstances in which these basic concepts are altered by the reopening of a case within section 350 itself. After all, if a case is *converted* pursuant to section [348] . . . those sections set out in significant detail the resulting impact on the twin notions of 'order for relief' and 'commencement of the case.'"). Therefore, the Landlord's incorrect reading of the Code and Bankruptcy Rules fails.

In sum, Bankruptcy Rule 9027(a)(3) imposes a strict deadline for the Landlord to remove the State Court Action and that deadline has long passed. As removal is improper for the reasons set forth above, the balance of relevant factors considered for a request to reopen clearly favors a denial of the Landlord's Motion here. *See In re Easley-Brooks*, 487 B.R. at 406–07; *see also In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015) ("Although a motion to reopen is generally considered a 'ministerial act,' in determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening. . . . This Court will limit the exercise of its discretion to reopen a closed case 'in circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of

16

judicial resources.'") (citing *In re Smith*, 426 B.R. 435, 440 (E.D.N.Y. 2010), *aff'd*, *Smith v. Silverman (In re Smith)*, 645 F.3d 186 (2d Cir. 2011); *In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015); *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011).

    B.    *The Lease and Building Were Abandoned*

Even if the Landlord could prevail on the removal issue—and it cannot—it is wrong in its contention that the Lease was not abandoned in the bankruptcy case.[5] Applying Section 554 and applicable law, the Court concludes that the Lease here was properly abandoned by the Trustee. The Trustee identified the Lease as the property being abandoned in the Notice of Abandonment, and no objections were filed. Abandonment of a lease is a common practice and is permissible. *See In re Henderson*, 245 B.R. 449, 454 (Bankr. S.D.N.Y. 2000) (abandonment of a lease under Section 554(a) is a "common practice where the value of the lease is inconsequential, and poses a risk of future liability to the estate"); 5 Collier on Bankruptcy P. 554.02 (16th ed. 2025) (trustee often abandons property due to expenses caused by the property, such as the costs of litigation); *see also In re Westwind Apts. Inc.*, 2020 Bankr. LEXIS 904, at *4 (Bankr. D. Or. Mar. 30, 2020) (debtor provided no authority suggesting a trustee cannot abandon leases); *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) ("Whether he formally abandons the lease, or simply closes the case without administering it, the lease will revert to the Debtor.") (discussing a residential lease in a chapter 7 case).

The Landlord argues that abandonment was ineffective because (i) there was no hearing, (ii) the Notice of Abandonment did not describe the property being abandoned or the entity to whom it was abandoned to, and (iii) the Notice of Abandonment described the property being

---

[5]    While the Court's ruling on the untimely attempt at removal resolves any other requests for relief in this Court, the Court analyzes abandonment here given the dispute in the State Court Action about the legal significance of this bankruptcy proceeding on the parties' rights.

17

abandoned as both a "Lease" and "Claim" without mentioning the Building.  *See* Reply ¶ 5.  Each of these arguments can be easily rejected.

As to the Landlord's first argument, there is no requirement that a hearing be held on the Notice of Abandonment in the absence of an objection.  The Landlord could have, but did not, timely object to the Notice of Abandonment.  But without an objection, no hearing was required on the Notice of Abandonment.  *See* 5 Collier on Bankruptcy P. 554.02 (16th ed. 2025) ("If an objection is made, the court must set a hearing on notice . . . to determine whether the property should be abandoned."); 9A Collier on Bankruptcy P. 6007.04 (16th ed. 2025) ("Following an objection to a notice . . . for abandonment, the court should conduct a hearing, allowing all parties to present evidence to support their positions.").  If no objection is filed, the court need not have a hearing.  *See* 5 Collier on Bankruptcy P. 554.02(16th ed. 2025); *see also* 9A Collier on Bankruptcy P. 6007.02 (16th ed. 2025); *id.* at n.62 ("when the phrase 'after notice and a hearing,' or 'similar phrase' is included, no hearing is required is there is no objection") (citing 11 U.S.C. § 102(1)); *In re Lyondell Chem. Co.*, 416 B.R. 108, 116, n.18 (Bankr. S.D.N.Y. 2009) ("'Notice and a hearing' requires a hearing if, but only if, there is an objection.") (citing 11 U.S.C. § 102); *In re Balonze*, 336 B.R. at 168 (observing that abandonment under Section 554(a) and Bankruptcy Rule 6007 requires notice and an opportunity for a hearing); *In re Mejia*, 576 B.R. at 470, n.2 (former L.B.R. 9074-1(c) did not require a hearing on notice of abandonment under Section 554(a) in the absence of a timely objection).[6]

---

[6] Whether a hearing is required on a notice of abandonment was discussed at the Hearing.  *See* Hr'g. Tr. 10:11–18 (Nov. 6, 2024) [ECF No. 71] (Trustee explaining that there is generally no hearing on abandonment); *id.* at 12:14–21 (Court observing that neither it nor local rules required a hearing on abandonment if there is no objection because of the unnecessary added expense).

18

Taking the Landlord's second and third objections together, the Notice of Abandonment identified the property being abandoned, which was the Lease relating to 465 White Plains Road.[7] Given the language of the Notice, there can be no doubt that the Trustee intended to abandon the Lease. While the Notice of Abandonment did not identify to whom the Lease was being abandoned to, property is abandoned to whomever has a possessory interest. *See In re 47-78 Douglass St., LLC*, 2011 WL 2551294, at *2 ("The trustee . . . may only abandon property to a person or entity with a pre-petition possessory interest in the property."). The Landlord also complains that the Notice of Abandonment wrongly described the property to be abandoned because it did not mention the Building. *See* Reply ¶ 5. But this is of no significance here. The Building was identified in the Debtor's Schedules A/B but was not administered during the case. *See* Reply Declaration, Ex. B. Because the Building was included in the Debtor's schedules under Section 521 and was not administered in this case, it was abandoned to the Debtor when the case closed.[8] *See* 11 U.S.C. § 554(c).

---

[7]     At the Hearing, the Trustee clarified that the stray reference to "Claim" in the Notice of Abandonment was a typographical error and that the notice was addressed to the Lease. *See* Hr'g. Tr. 10:2–7 (Nov. 6, 2024) [ECF No. 71] ("After I spoke with the landlord and it was clear that they wouldn't renew it anyway, it made no sense for me to retain a lease. So, I filed a notice of abandonment. There was a typo in the notice apparently that Mr. Pick realized. I said claim at one point that should've been lease, but the notice was clearly addressed to ground lease."). Given the clear intent in the Notice, the Court concludes that the typo does not affect the legal analysis here.

[8]     For the first time on Reply, the Landlord argued that the Debtor failed to include the claims asserted in the State Court Action in its schedules, statement of financial affairs, or bankruptcy case, or advise the Trustee such their existence, such that they were not abandoned. *See* Reply at ¶¶ 2(i), 6–8; *see* Sur-Sur Reply at 2–3. The Court will not address these arguments here because they are untimely as they were not raised in the original Motion or presented in response to arguments made by the Debtor in its Opposition. *See White v. First Am. Registry*, 592 F. Supp. 681, 683 (S.D.N.Y. 2009) ("[P]laintiffs will not be heard to advance for the first time in reply papers new arguments that could and should have been made in their opening papers. To countenance such action would promote litigation by ambush, and in any case, deprive defendant of a fair opportunity to respond."); *see also Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*, 598 B.R. 365, 384 (Bankr. S.D.N.Y. 2019) (arguments raised for the first time at oral argument are generally not considered) (collecting cases). In any event, the Debtor has whatever rights it has with respect to property abandoned to it and did not gain any additional rights by virtue of the bankruptcy. These issues can be litigated in state court.

Taking the Landlord's second and third objections together, the Notice of Abandonment identified the property being abandoned, which was the Lease relating to 465 White Plains Road.[7] Given the language of the Notice, there can be no doubt that the Trustee intended to abandon the Lease. While the Notice of Abandonment did not identify to whom the Lease was being abandoned to, property is abandoned to whomever has a possessory interest. *See In re 47-78 Douglass St., LLC*, 2011 WL 2551294, at *2 ("The trustee . . . may only abandon property to a person or entity with a pre-petition possessory interest in the property."). The Landlord also complains that the Notice of Abandonment wrongly described the property to be abandoned because it did not mention the Building. *See* Reply ¶ 5. But this is of no significance here. The Building was identified in the Debtor's Schedules A/B but was not administered during the case. *See* Reply Declaration, Ex. B. Because the Building was included in the Debtor's schedules under Section 521 and was not administered in this case, it was abandoned to the Debtor when the case closed.[8] *See* 11 U.S.C. § 554(c).

---

[7]     At the Hearing, the Trustee clarified that the stray reference to "Claim" in the Notice of Abandonment was a typographical error and that the notice was addressed to the Lease. *See* Hr'g. Tr. 10:2–7 (Nov. 6, 2024) [ECF No. 71] ("After I spoke with the landlord and it was clear that they wouldn't renew it anyway, it made no sense for me to retain a lease. So, I filed a notice of abandonment. There was a typo in the notice apparently that Mr. Pick realized. I said claim at one point that should've been lease, but the notice was clearly addressed to ground lease."). Given the clear intent in the Notice, the Court concludes that the typo does not affect the legal analysis here.

[8]     For the first time on Reply, the Landlord argued that the Debtor failed to include the claims asserted in the State Court Action in its schedules, statement of financial affairs, or bankruptcy case, or advise the Trustee such their existence, such that they were not abandoned. *See* Reply at ¶¶ 2(i), 6–8; *see* Sur-Sur Reply at 2–3. The Court will not address these arguments here because they are untimely as they were not raised in the original Motion or presented in response to arguments made by the Debtor in its Opposition. *See White v. First Am. Registry*, 592 F. Supp. 681, 683 (S.D.N.Y. 2009) ("[P]laintiffs will not be heard to advance for the first time in reply papers new arguments that could and should have been made in their opening papers. To countenance such action would promote litigation by ambush, and in any case, deprive defendant of a fair opportunity to respond."); *see also Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*, 598 B.R. 365, 384 (Bankr. S.D.N.Y. 2019) (arguments raised for the first time at oral argument are generally not considered) (collecting cases). In any event, the Debtor has whatever rights it has with respect to property abandoned to it and did not gain any additional rights by virtue of the bankruptcy. These issues can be litigated in state court.

**CONCLUSION**

The Court finds that the Landlord did not remove the State Court Action within Bankruptcy Rule 9027(a)(3)'s strict time limits, nor could it timely reopen the case for that purpose. In any event, the Notice of Abandonment was effective. The Landlord could have timely objected to the Notice of Abandonment or timely sought to remove the State Court Action. Instead, it did neither. *See In re Salander*, 472 B.R. 213, 219–20 (Bankr. S.D.N.Y. 2012) (creditors who failed to object to abandonment or appeal order had to pursue remedies in state court). The parties are free to litigate any remaining non-bankruptcy issues in the State Court Action, and nothing in this decision precludes the Landlord or the Debtor from continuing to litigate in that court.

For the reasons stated above, the Motion is denied. The Debtor should settle an order on five days' notice. The proposed order must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the proposed order attached as an exhibit to the notice. A copy of the notice and proposed order shall also be served upon the Debtor's counsel and the Trustee.

Dated: White Plains, New York
      May 22, 2025

                                        */s/ Sean H. Lane*
                                        **UNITED STATES BANKRUPTCY JUDGE**